IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **TIA L. THOMAS**, ) | Civil Action No. 2:10-3122-DCN-BM |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **CHENEGA CORPORATION**, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

       This action was originally filed by the Plaintiff, <u>pro se</u>, in the Charleston County Court of Common Pleas. The case was subsequently removed to this Court by the Defendant, which then filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on December 15, 2010.

       As the Plaintiff is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on December 21, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as contained in the Court's <u>Roseboro</u> order, Plaintiff failed to file any response to the Defendant's motion, which is now before the Court for



1

dispostion.[1]

Plaintiff alleges in his Complaint, in toto, as follows:

> I the plaintiff was wrongfully terminated due to here say from other officer Bowman stated that I wanted to shoot my Lt. which was Lt. Perkins. Lt. Perkins and I worked the same shift and was closed friend. Officer Shuler is a wittness that I went too Lt. Perkins home 3 times to which sporting event. I would like my yearly salary att. fees and Defamantion of my charater.

See Pro Se Complaint.

Defendant argues in its motion that Plaintiff's Complaint fails to comply with the requirements of Rule 8(a), Fed.R.Civ.P., and that in any event Plaintiff's claim, to extent the intent of his claim can be surmised, is that the Defendant violated his employment based upon a hearsay statement from another employee in violation of a clear mandate of a public policy of the State of South Carolina, which is not a viable claim under South Carolina law.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). Here, after review of the arguments of the Defendant, and with no response in opposition having been filed by the Plaintiff, the undersigned is constrained to agree that dismissal of Plaintiff's Complaint is appropriate.

Liberally construed, Plaintiff's Complaint alleges that he was an employee of Chenega Corporation and was fired because someone named "Bowman" stated that he wanted to shoot someone named "Perkins", whom Plaintiff alleges worked the same shift. Plaintiff's summons indicates that he worked for the Defendant at an office on "Bainbrige" Avenue in Charleston. Defendant points out, however, that South Carolina is an employment at-will State, and that while a cause of action in tort for wrongful discharge can arise where the discharge of an at-will employee constitutes a violation of a clear mandate of public policy, this exception only applies "when an employer requires an employee to violate the law or the reason for the employee's termination was itself a violation of criminal law". <u>Lawson v. S.C. Dept. of Corrections</u>, 532 S.E.2d 259, 261 (S.C. 2000); <u>see</u> <u>Ludwick v. This Minute of Carolina, Inc.</u>, 337 S.E.2d 213, 216 (S.C. 1985); <u>Barron v. Labor Finders of South Carolina</u>, 682 S.E.2d 271 (S.C.Ct.App. 2009).

Plaintiff's Complaint does not allege any violation of law, or that Plaintiff was terminated because he refused to violate the law.[2] <u>See</u> Rule 8, Fed.R.Civ.P. [requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"]; <u>see</u>

---

[2] Indeed, to the extent Plaintiff wants to sue for defamation, it would appear he has not even named the proper party Defendant, who would be Bowman.

3



also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"].  Additionally, as noted, Plaintiff has failed to even contest the grounds for dismissal set forth by the Defendant in its motion.  Therefore, the motion should be **granted**.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion be **granted,** and that this case be **dismissed**.  Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 1, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

